**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: January 26, 2015
Date Decided: February 23, 2015

Michael A. Weidinger, Esquire
Seton C. Mangine, Esquire
Pinckney, Weidinger, Urban & Joyce LLC
1220 North Market Street, Suite 950
Wilmington, Delaware 19801

Blake Rohrbacher, Esquire
Richards Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

Re:  *Vaccaro v. APS Healthcare Bethesda, Inc.*,
Civil Action No. 9637-VCG

Dear Counsel:

I have before me Mr. Weidinger's letter of January 26, 2015, which helpfully and lucidly states both parties' positions as to whether discovery of this action should be stayed pending a ruling by the United States District Court for the District of Delaware on Vaccaro's Motion to Dismiss Universal's Securities Fraud Action. A motion to stay discovery is addressed in the sound discretion of the trial court.[1] In exercising this discretion, I must balance the interest of the moving party in avoiding needless and wasteful litigation costs against the need of the party in opposition to timely prepare the matter for resolution by the Court.[2] In light of

---

[1] *E.g.*, *Orloff v. Shulman*, 2005 WL 333240, at *1 (Del. Ch. Feb. 2, 2005).

[2] *See, e.g.*, *id.* ("[T]he court must make a particularized judgment evaluating the weight that efficiency should be afforded (including the extent of the costs that might be avoided) and the significance of any risk of injury to plaintiff that might eventuate from a stay." (internal quotation marks omitted)).

these factors, the Court will often grant motions for a stay in cases where a case dispositive motion will, if successful, inevitably end the litigation; in such a case, discovery will be wasteful if the dispositive motion is granted.[3]

I find the balancing test easier in this situation, because it appears likely that the dispute in this matter will go forward after the resolution of Vaccaro's Motion to Dismiss currently before the District Court. That determination will have an impact on my analysis of whether the issues here should remain in this Court or be pursued in the District Court; it is unlikely, however, to obviate the need for discovery in all forums. While there may be some inefficiencies in proceeding with discovery in one forum of materials ultimately to be used in another, I find that the Defendants, as the party requesting the stay, have failed to meet their burden[4] to show that such considerations outweigh the need for a reasonably swift preparation for trial, including preserving recollections of events which, like all human memories, tend to be ephemeral.

---

[3] *See, e.g., In re McCrory Parent Corp.*, 1991 WL 137145, at *1 (Del. Ch. July 3, 1991) ("Efficiency is promoted by the rule that, absent special circumstances, discovery will be stayed pending determination of a motion to dismiss the complaint where the ground for the motion offers a reasonable expectation that if the motion is granted litigation in this or another forum will be avoided.").

[4] *See, e.g., Orloff*, 2005 WL 333240, at *1 ("[T]he moving party bears the burden of proving that a stay of discovery is appropriate under the circumstances.").

For the foregoing reasons, the Defendants' request to stay discovery pending the outcome of the Motion to Dismiss in the District Court is denied. To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III